IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER LINDSEY,

    Plaintiff,

v.                                                      Case No. 17-2016-JTM

PARNELL CORPORATE SERVICES, U.S., INC.;
PARNELL INC.; and PARNELL U.S. 1, INC.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff filed this action under Title VII of the Civil Rights Act claiming gender discrimination and retaliation against three related corporate entities. The matter is now before the court on a motion to dismiss by two of the defendants (Dkt. 24), on plaintiff's motion for leave to conduct discovery (Dkt. 28), and on plaintiff's motion for leave to amend the complaint (Dkt. 31).

**I. Summary**

Plaintiff's complaint alleges that the three named defendants were each her "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b). Plaintiff alleges she was subjected to a hostile work environment on account of gender while she was employed with the defendants and was constructively discharged when she complained of the harassment. (Dkt. 1).

Defendants Parnell, Inc. and Parnell U.S. 1, Inc. move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). They admit plaintiff was an employee of defendant Parnell

Corporate Services, U.S., Inc., but argue she has failed to plausibly allege she was employed by either Parnell, Inc. or Parnell U.S. 1. (Dkt. 25 at 1). They argue plaintiff has failed to allege any facts to support a claim against these two defendants under either the "single employer" or "joint employer" test of Title VII case law. (*Id.* at 3-5). In response, plaintiff seeks leave to conduct discovery into the relationship between these entities. (Dkt. 29 at 1). Alternatively, plaintiff asks that she be allowed additional time to either respond to the motion or to file an amended complaint. Plaintiff also separately moves to amend the complaint to add claims for breach of contract, quantum meruit, and unjust enrichment. For their part, defendants argue plaintiff is not entitled to discovery prior to responding to the Rule 12(b)(6) motion, and that plaintiff's proposed amendment to the complaint should be denied as futile.

**II. Discussion**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the pleadings. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true'"). Because of that, the court agrees with defendants that delaying the motion so plaintiff can first pursue discovery is not warranted. Discovery may be appropriate in response to a motion to dismiss where jurisdiction is at issue. *See Hemphill v. Pershing, LLC*, 2017 WL 3149290, *4 (D. Kan. July 25, 2017) (refusal to grant discovery on a Rule 12(b)(1) motion challenging jurisdiction may be abuse of discretion). But defendants' motion does not challenge jurisdiction, and

2

the legal sufficiency of the allegations does not depend upon whether plaintiff can garner evidence to support them.

The complaint alleges that the defendants share the same principal address, but does not otherwise allege anything to show that Parnell, Inc. or Parnell U.S. 1, Inc. could be regarded as plaintiff's employer for purposes of Title VII. *See Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225-26 (10th Cir. 2014) (outlining factors such as jointly co-determining the terms and conditions of employment or common ownership or management that can make multiple entities an employer under Title VII).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The rules of pleading do not demand detailed factual allegations, but they do require more than labels or conclusions.

In the context of multiple corporate entities, merely labeling the entities as "employers" is not sufficient to plausibly show they bear liability. *See Miller v. Dillon Companies, Inc.*, No. 15-4946-DDC, 2016 WL 2894696, at *10 (D. Kan. May 18, 2016) ("Plaintiff's conclusory allegations that Kroger employed her are insufficient to state a claim"). *Cf. Crumpley v. Associated Wholesale Grocers, Inc.*, No. 16-2298-DDC, 2017 1364839 (D. Kan. Apr. 13, 2017) (complaint sufficiently alleged joint employer liability

3

where it alleged that defendant had the power to terminate his employment, supervise him, give him work assignments, and dictate work rules).

Plaintiff's complaint does not contain facts showing that Parnell, Inc. or Parnell U.S. 1, Inc. could be liable for the alleged misconduct. Plaintiff conceivably could overcome these deficiencies by amending the complaint.[1] Under the circumstances, the court will hold off on granting the motion to dismiss as to Parnell Inc. and Parnell U.S. 1, Inc., and will grant plaintiff's request for a short extension to file an amended complaint, should she wish to do so. If no complaint curing these deficiencies is filed within the allotted time (two weeks), the court will grant the motion to dismiss these two parties.

The court will treat plaintiff's separate motion for leave to amend the complaint (Dkt. 31) in similar fashion. This proposed amendment seeks to add claims of breach of contract, unjust enrichment, and quantum meruit. Defendants object for the same reasons indicated above – because the allegations do not show that Parnell, Inc. and Parnell U.S. 1, Inc. were plaintiff's employer or that they contracted with her. The court agrees that plaintiff's proposed amended complaint (Dkt. 31-1) fails to allege facts showing that Parnell, Inc. or Parnell U.S. 1, Inc. could be liable on these additional claims, although defendants do not argue the amendment would be futile as to Parnell Corporate Services U.S., Inc. The court will grant plaintiff two weeks to file an amended

---

[1] Factual contentions in a complaint may be presented based on a good faith belief that they will likely have evidentiary support after a reasonable opportunity for discovery. *See* Fed. R. Civ. P. 11(b)(3). Moreover, leave to amend a complaint is granted freely under Rule 15(a), and the emergence of facts in discovery could well justify amending a complaint, particularly where the information concerns intricate corporate structures best known to the defendants.

4

complaint asserting these additional claims as to Parnell Corporate Services, Inc., and, if she corrects the deficiencies concerning Parnell, Inc. or Parnell U.S. 1, Inc., as to those defendants as well.

The photographs contained within plaintiff's current complaint should be deleted from any amended complaint that is filed, as these are evidentiary materials rather than a written statement within the contemplation of the rules. *See Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2015 WL 8024320, at *2 (D. Kan. Dec. 4, 2015); *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1246–47 (D. Kan. 2012) ("The courts that have considered this issue have concluded that the Rules thus do not contemplate the attachment of exhibits, such as photographs, that are not written instruments.").

**IT IS THEREFORE ORDERED** this 20th day of November, 2017, that defendants' Motion to Dismiss (Dkt. 24) is taken under advisement. Plaintiff is granted until December 4, 2017, to file an amended complaint curing the deficiencies identified by defendants; if no such complaint is filed by that date, the court will grant the motion to dismiss as to defendants Parnell, Inc. and Parnell U.S. 1, Inc.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Discovery or Leave (Dkt. 28) is GRANTED IN PART AND DENIED IN PART to the extent indicated in this order; and that plaintiff's Motion to Amend the Complaint (Dkt. 31) is GRANTED IN PART AND DENIED IN PART as stated in this order.

                                        ___s/ J. Thomas Marten_____
                                        J. THOMAS MARTEN, JUDGE